UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOYD WILLIAM MARTIN,<br><br>    Defendant. | Case No. CR19-185-RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on (1) defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)" (Dkts. # 58, # 59) [1]; (2) defendant's motion to seal (Dkt. # 71); and (3) the Government's amended motion to seal (Dkt. # 80). Having considered the parties' submissions and the record contained herein, the Court GRANTS the motions.

---

[1] Defendant filed a motion for compassionate release (Dkt. # 58) and a "motion to amend compassionate release," (Dkt. # 59). Defendant requests this Court consider both motions as part of a single request for compassionate release, Dkt. # 38. The Court will interpret both submissions as one. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed") (quotations omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 1

### I. Motions to Seal

The Court finds compelling reasons justify sealing defendant's records containing sensitive information (Dkts. # 73, # 79, Ex. A). Accordingly, Defendant's motion to seal (Dkt. # 71), and the Government's amended motion to seal (Dkt. # 80) are GRANTED.

### II. Motion for Compassionate Release

#### A. Background

Defendant is a 63-year-old inmate currently incarcerated at Victorville Medium I FCI ("Victorville"). *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Aug. 29, 2024). On November 18, 2020, defendant pleaded guilty to two counts of possession of controlled substances with intent to distribute, one count of possession of a firearm in furtherance of a drug crime, two counts of possession of a firearm as a felon, and one count of bank fraud. Dkt. # 43. The Court imposed the mandatory minimum sentence of 120-months (ten years) to be followed by four years of supervised release. Dkts. # 57, # 68 at 14. As of the date of this Order, Mr. Martin has served four years and eleven months of his ten-year sentence. Dkt. # 7 (defendant has been detained since September 6, 2019); *see also* Dkts. # 11, # 16. He is currently scheduled for release on December 23, 2027. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited Aug. 29, 2024).

Mr. Martin now moves for a sentence reduction, arguing that he presents extraordinary and compelling reasons for this Court to grant his request for compassionate release. Dkts. # 58, # 59, # 72, # 84. The Government opposes the motion. Dkt. # 77.

#### B. Legal Framework

A defendant may petition the Court to reduce his sentence by filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010). Under Section 3582(c)(1), a court may reduce a sentence upon the defendant's

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 2

motion if three conditions are met: (1) the defendant has either exhausted all administrative rights to appeal the BOP's failure to bring such a motion on the defendant's behalf or has waited until 30 days after the warden of the defendant's facility has received such a request; (2) the defendant has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Richards*, No. 23-2868, 2024 WL 2237971, at *1 (9th Cir. May 17, 2024). Under the applicable policy statement, medical circumstances of the defendant may qualify as an "extraordinary and compelling reason" justifying release. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (as amended). Finally, the defendant must also show that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(a)(2).[2] If the defendant meets all three conditions, the court must consider the sentencing factors set forth in 18 U.S.C. Section 3553(a) in whether to grant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

**1. Exhausting Administrative Remedies**

The Government concedes that the exhaustion requirement is met. *See* Dkt. # 77 at 5. Therefore, the Court turns to whether "extraordinary and compelling" reasons warrant a reduction of defendant's sentence. 18 U.S.C. § 3582(c)(1)(A).

**2. "Extraordinary and Compelling" Circumstances**

---

[2] The Sentencing Commission revised policy statement 1B1.13 effective November 2023, thereby mooting the portion of *United States v. Aruda*, where the Ninth Circuit held that the policy statement was not "applicable" to a motion for compassionate release brought by a defendant directly to the Court. *See* 993 F.3d 797, 802 (9th Cir. 2021); *see also U.S. v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023). Therefore, the policy statement is now binding on this Court. *Brown*, 2023 WL 8650290, at *3.

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 3

     Defendant primarily relies on two medical conditions necessitating release: (1) his need for hip replacement surgery, and (2) his prescription for morphine to treat the pain associated with his hip condition. *See* Dkts. # 58, # 59, # 63, # 72. The Government "does not . . . dispute that Mr. Martin has medical conditions," nor does it dispute that his condition "has worsened in custody" and "his treatment has been delayed." Dkt. # 77 at 7. It primarily argues that early release is not justified because Mr. Martin is awaiting scheduling for his surgery, and even if medical care is needed, furlough is more appropriate than early release. *See generally* Dkt. # 77.

     A defendant may present "extraordinary and compelling reasons" for a sentence reduction or release when he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health." U.S.S.G. § 1B1.13(b)(1)(C). Defendant bears the burden of establishing "extraordinary and compelling" circumstances justifying release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Suryan*, No. CR19-0082RAJ, 2021 WL 3510423, at *2 (W.D. Wash. Aug. 10, 2021). The Court finds that Mr. Martin met his burden.

     According to Mr. Martin's submissions, he has been suffering from severe osteoarthritis of his right hip and has been waiting for a hip replacement since 2019. *See* Dkt. # 58 at 5. As of the date of this Order, Mr. Martin still has not been scheduled for surgery. Due to the prolonged delay in his treatment, Mr. Martin's condition significantly worsened, and he is now dependent on a wheelchair and is in "excruciating pain." Dkt. # 58 at 5. It is unclear when Mr. Martin's surgery will be scheduled. To address Mr. Martin's pain, BOP medical personnel administer high doses of addictive opioids despite their knowledge that Mr. Martin suffers from Opioid Use Disorder. Dkt. # 72, Ex. 2. Mr. Martin takes "60 mg of long-acting morphine every night" as directed by BOP medical staff. *Id.* at 9. As a result of the opioid use, Mr. Martin describes having "episodes" and withdrawal symptoms, sometimes severe enough for BOP to administer Narcan due to suspected overdose. Dkt. # 84, Ex. 1 at 2. BOP's mismanagement of defendant's condition is troubling, and the Court is persuaded that Mr. Martin is suffering from a serious

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 4

medical condition and is not receiving the specialized medical care he requires to avoid deteriorating. *See* U.S.S.G. § 1B1.13(b)(1)(C).

### 3. Sentencing Factors

Mr. Martin argues that despite his extensive criminal history, his current medical conditions, age, and the support of his family members all weigh in favor of granting early release. *See e.g.*, Dkt # 72 at 13–14. Prior to granting compassionate release, the Court must assess whether a sentence reduction would be consistent with any applicable sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed (i) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (ii) to adequately deter criminal conduct and "to protect the public from further crimes of the defendant," and (iii) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," (4) the sentencing guidelines, and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a); *see also United States v. Grimes*, No. CR11-5509-BHS, 2021 WL 319404, *3 (W.D. Wash. Jan. 26, 2021).

As to the first factor, the Court acknowledges the seriousness of defendant's offenses and his extensive criminal history. *See* PSR ¶¶45–73, 81–113. However, the Supreme Court has instructed that evidence of post-sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors including "the history and characteristics of the defendant." *Pepper v. United States,* 562 U.S. 476, 491 (2011) (*quoting* 18 U.S.C. § 3553(a)(1)). Under the applicable policy statement, this Court is permitted to consider the "rehabilitation of the defendant. . . in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G § 1B1.13(d). "District courts have

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 5

concluded that a prisoner's post-sentencing rehabilitation and conduct in prison can tip the § 3553(a) analysis towards a finding that compassionate release is warranted." *See United States v. Sexton*, No. CR11-383-RSL, 2022 WL 17535711, at *6 (W.D. Wash. Dec. 8, 2022). The defendant has maintained an exemplary disciplinary record with no infractions. Dkt. # 72 at 14. The Court finds this factor tips in favor of release.

As to the second factor, the Court is persuaded that the sentence imposed is sufficient to deter criminal conduct, protect the public, and adequately rehabilitate the defendant. The most significate factors are defendant's age and physical limitations. The defendant is now 63 years old, dependent on a wheelchair, and is "barely mobile." Dkt. # 72 at 14. His medical conditions make the defendant's risk of recidivism low. *See e.g., Sexton*, 2022 WL 17535711, at *6. More so, defendant appears to be motivated to lead a sober life upon release, and as the Court previously acknowledged, defendant's criminal history has been mostly tied to his drug use. Dkt. # 72, Ex. 1 at 18–19. Given the defendant's motivation, the Court is convinced that a combination of special conditions imposed by the U.S. Probation Office, along with family support, will likely help Mr. Martin overcome his drug addiction and further reduce his risk of reoffending or posing a danger to the public. *See* generally Dkt. # 82 ¶¶ 3, 6–7. Accordingly, the Court finds this factor weighs in favor of release.

As to the remaining factors, the Court agrees that a sentence of five years for Mr. Martin's offenses may be low, but the Court must take into consideration all factors warranting a sentence reduction—including the defendant's characteristics, risk to the public, and his "extraordinary and compelling circumstances." Considering the totality of those factors, a departure from "typical" sentences imposed for similar offenses is justified. Thus, the Court finds the sentencing factors weigh in favor of release.

The Government argues that compassionate release is not appropriate for individuals for whom a furlough would adequately address their circumstances. *See* Dkt. # 77 at 8 (citing U.S.S.G. §1B1.1 app. n. 1). The policy statement provides for a temporary furlough for a period

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 6

of up to 30 days for the purpose of "obtaining medical treatment not otherwise available." 18 U.S.C. § 3622(a)(3). The argument fails for two reasons. First, federal courts do not have authority to grant medical furlough. *See United States v. Premachandra*, 78 F.3d 589 (8th Cir. 1996)(per curiam)("18 U.S.C. § 3622 vests authority to grant medical furloughs with the Bureau of Prisons (BOP), not the federal courts"); *United States v. Padilla*, 2012 WL 2175749, *3 (D.N.M. May 31, 2012)("Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts."). Second, even assuming courts had authority to grant furlough, thirty days of furlough does not give the defendant adequate time to schedule his surgery and recover. *See* Dkt. # 77 at 7. Accordingly, the Government's argument fails and compassionate release is appropriate.

### C. Supervision

As part of Mr. Martin's sentence, the Court imposed four years of supervised release with standard and special conditions. *See* Dkt. # 57. His term of supervision shall commence immediately upon release. In accordance with his special conditions, Mr. Martin shall:[3]

(1) Participate in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. He shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. In addition to urinalysis testing that may be a part of a formal drug treatment program, Mr. Martin shall submit up to eight urinalysis tests per month.

(2) Participate in a mental health program approved by the United States Probation Office.

---

[3] The special conditions as outlined in this Order are intended to reiterate the special conditions agreed upon in the original judgment. *See* Dkt. # 57 at 5 (Judgement and Sentence). To the extent the Court's summary conflicts with or mischaracterizes the special conditions in the Judgment, such variation is unintended, and the language contained in the Judgment governs.

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 7

(3) Pay restitution in the amount of $ 1,232.72, payable in monthly installments of not less than 10% of defendant's gross monthly household income.

(4) Submit to a search of his person, property, house, residence, storage unit, vehicle, papers, computers, other electronic communications or data storage devices or media, or office, by a United States probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.

(5) Provide the probation officer with access to any requested financial information.

(6) Refrain from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

### D. Conclusion

For all the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion for compassionate release (Dkt. # 58) and amended motion for compassionate release (Dkt. # 59) are GRANTED.
2. Defendant's motion to seal Dkt. # 73 (Dkt. # 71) is GRANTED.
3. Government's motion to seal Dkt. # 79 (Dkt # 78) is DENIED AS MOOT, and the amended motion to seal Exhibit A to Dkt. # 79 (Dkt. # 80) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of September, 2024.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 8